### HENEY v. THE JOSIE et al.

#### (District Court, D. Rhode Island. February 9, 1894.)

ADMIRALTY—LIBEL—JOINDER OF CAUSES—IN REM AND IN PERSONAM.

  A libel against a vessel alleged that she was owned "by J. and other persons to the libelants unknown;" and it was sought therein to recover money furnished for repairs "on the credit of the owner and said J.," and also money advanced upon a cargo consigned by J. alone. *Held,* that these claims could not be joined, for the transactions out of which they severally arose were unrelated, and the judgments in rem and in personam upon them, respectively, would not affect the same persons.

In Admiralty. On exceptions to libel. Libel by Archibald T. Heney against the schooner Josie and others for advances. Exceptions sustained.

This is a libel against the schooner Josie for money furnished to her master by the libelant for repairs and supplies, and also against John Jones and William Jones, copartners as Jones Bros., and part owners of the schooner, to recover a sum of money advanced by the libelant on a consignment of piling over and above the sum for which the piling was sold. John Duffy claims the schooner as master and part owner, and excepts to the libel—First, because "in said libel a cause of action in rem is joined with a cause of action in personam in the same suit;" and, secondly, because "in said libel a cause of action, against the said schooner Josie for repairs and supplies is joined with a cause of action for debt against Jones Bros. relating to a cargo of piling, and to pay for the same."

W. G. Roelker, for libelant.

First. Two claims in personam may be joined together. Second. If one of the claims in personam be also a claim in rem against the vessel and master, the vessel and all are liable for the debt, and they may be joined in the same libel, so far as the claim against them is concerned. The court has entire control of its process, and will mold its decree in rem against the vessel so as to apply only to so much of the claim as is good against the vessel in rem. That, where the shipmaster and owners are all liable for the debt, they may, on principle, be joined in the action. see Ben. Adm. §§ 393, 397; Betts, Adm. pp. 89, 99; Hen. Adm. pp. 330–332; The Enterprise, 2 Curt. 317; The Monte A., 12 Fed. 331; The Clatsop Chief, 8 Fed. 163; The J. F. Warner, 22 Fed. 342; 630 Quarter Casks of Sherry Wine, 14 Blatchf. 517; The Zenobia, 1 Abb. Adm. 48.

E. P. Carver, for claimant.

CARPENTER, District Judge. The general principle is that several issues may be tried in one action, when that course will promote the cause of justice, and conduce to the convenience of parties and of the court, and when no considerable inconvenience will arise therefrom. On this principle actions are sustained

against a defendant for several independent but analogous claims, and also against several defendants for claims arising out of the same transaction, where the claims themselves are analogous. On general principles there is no reason why a libel both in rem and in personam should not be retained in cases where the matter comes within the above definition, and where this practice is not forbidden by the rules of the supreme court. The present case raises a different question. The allegations of the libel are not entirely clear. The libel is entitled against Jones Bros. "and also against all persons lawfully intervening for their interest in the said schooner;" and it sets out that the schooner is owned by persons "who are to the libelant unknown," and speaks of Jones Bros. as "owners of said schooner," and refers to supplies furnished to the schooner on the credit of "Jones Bros. and her other owners," and on the credit of "her owners and said Jones Bros." Reading these allegations together, it appears that the schooner is owned by Jones Bros. and other persons who are to the libelant unknown. There is therefore in this case neither a unity of parties, nor a unity of cause of action, which would justify a joinder of action. The two claims arise from two unrelated transactions; and the only other ground on which the action ought to be maintained would be that the judgment in rem would affect the same persons against whom the judgment in personam would go, so that the persons interested in contesting the two claims would be the same in each case. But here Jones Bros. alone are entitled to be heard on one claim, while they, with perhaps many others, holding, perhaps, nearly the whole interest, must be heard to contest the other claim. It is therefore a case of two wholly unrelated suits combined in one action. An order will be made that the libel be dismissed, with costs, unless the libelant shall within 10 days discontinue as to one action, or so amend the libel as to strike out one of the claims.